IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL J. BURRELLI**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:16cv252 |
| | ) | **Electronic Filing** |
| **MARK JULIAN, JOSHUA KWOLEK**, | ) | |
| **MICHAEL MROZEK**, **UNION** | ) | |
| **TOWNSHIP POLICE DEPARTMENT**, | ) | |
| **LUANNE PARKONEN**, **JOSHUA** | ) | |
| **LAMANCUSA**, and **JOSEPH** | ) | |
| **VASCETTI**, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

AND NOW, this 1st day of March, 2018, upon due consideration of defendants Mark Julian, Michael Mrozek and Union Township Police Department's motion for summary judgment and the submissions in conjunction therewith, IT IS ORDERED that the motion be, and the same hereby is, granted; and

IT FURTHER IS ORDERED that all remaining claims are dismissed with prejudice. Accordingly, final judgment will be entered and the Clerk will be directed to mark the case closed.

Federal Rule of Civil Procedure 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(A). Rule 56 "'mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" Marten v. Godwin, 499 F.3d 290, 295 (3d Cir. 2007) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986)). Deciding a summary judgment motion requires the court to view the facts, draw all

reasonable inferences and resolve all doubts in favor of the nonmoving party. Doe v. Cnty. of Centre, Pa., 242 F.3d 437, 446 (3d Cir. 2001).

The moving party bears the initial burden of identifying evidence which demonstrates the absence of a genuine issue of material fact. When the movant does not bear the burden of proof on the claim, the movant's initial burden may be met by demonstrating the lack of record evidence to support the opponent's claim. Nat'l State Bank v. Fed. Reserve Bank of New York, 979 F.2d 1579, 1581-82 (3d Cir. 1992). Once that burden has been met, the non-moving party must set forth "specific facts showing that there is a *genuine issue for trial*," or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law. Matsushita Electric Industrial Corp. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(E)) (emphasis in Matsushita). An issue is genuine only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The record as read in the light most favorable to plaintiff establishes the background set forth below. Plaintiff commenced this action based on the allegation that defendants had deprived him of due process and equal protection by failing to investigate his reports to law enforcement that four vehicles which he owned had been stolen by his sister, Shawna Sholtis, while he was incarcerated.

Defendants have set forth evidence which indicates plaintiff gave his girlfriend, Ashley Vereb, power of attorney over his property while he was incarcerated. Plaintiff also told Vereb that she could sell the vehicles if she needed money while he was in jail.

After receiving reports from plaintiff about the disposition of his vehicles, Patrolman Joshua Kwolek investigated the matter. Officer Kwolek's investigation indicated Vereb had title to one of the four vehicles plaintiff was claiming as his. All four of the vehicles had been

2

towed at Vereb's direction from their location on West State Street in New Castle, Pennsylvania, to Derek Bloom's Auto Garage. Derek Bloom stored all of the vehicles for Vereb for a storage fee. After a period of time Vereb was unable to pay the storage fee so she directed Bloom to take two of the vehicles to a salvage yard known as Cascade Auto Wrecking, which he did.

Officer Kwolek reported the above events to plaintiff while he was in the Lawrence County jail. Plaintiff responded that he had given Vereb power of attorney over all four of the vehicles and told her that she could sell them if she was hurting for money. Officer Kwolek then advised that plaintiff's report of stolen vehicles involved a civil matter between himself, Vereb and Bloom. Officer Kwolek then "cleared the case."

Plaintiff has failed to advance any facts to dispute the moving defendants' account of the investigation undertaken in response to plaintiff's initial complaints. He likewise has failed to advance any evidence to present contrary factual events that would support a finding that his constitutional rights were violated.

Where a non-moving party fails to meet his or her burden at summary judgment by advancing evidence which demonstrates the existence of a material issue of fact for trial, the record will be taken as presented by the moving party and summary judgment will be entered as a matter of law. <u>Matsushita</u>, 475 U.S. at 587. It is exactly such a disposition that is warranted here. Accordingly, the above orders properly have been entered.

<u>s/David Stewart Cercone</u>
David Stewart Cercone
Senior United States District Judge

3

cc: Michael J. Burrelli
MD 5125
SCI Greene
175 Progress Drive
Waynesburg, PA  15307

(*Via First Class Mail*)


Jason A. Medure, Esquire
Marie Milie Jones, Esquire
Jeffrey Cohen, Esquire
Timothy Mazzocca, Esquire

(*Via CM/ECF Electronic Mail)*